FORET, Judge.
This suit was consolidated in the trial court and on appeal with Nationwide Financial Corporation v. Anderson, 363 So.2d 943 (La.App. 3 Cir. 1978). Separate judgments were rendered in the trial court and separate judgments are rendered on this date on each ease on appeal.
The substantial issue presented on this appeal concerns the ranking of privileges on a mobile home: whether, as the trial court held, a privilege obtained through seizure of the mobile home situated in Louisiana under a writ of attachment primes a foreign conditional sales contract not recorded in Louisiana.
The facts of this case are not in dispute. On August 19, 1975, Leonard E. Anderson purchased a mobile home from Hickory Hills Homes, Inc., State of Texas. Nationwide Financial Corporation, also in Texas, purchased the contract from Hickory Hills Homes, obtaining a Texas security interest in the mobile home equivalent to a Louisiana chattel mortgage. Although the mobile home was originally intended to remain in the State of Texas, it was' moved to Louisiana shortly after its purchase. Nationwide admitted that it obtained knowledge that the mobile home was situated in Sabine Parish, Louisiana, on or about November 11, 1975, and continued to receive payments on it until November of 1976. Nationwide did not record its security interest in Louisiana. On February 1, 1977, Michael Tarver seized the mobile home under a writ of attachment in Sabine Parish. On February 28, 1977, Nationwide intervened, alleging its interest in the mobile home.
The trial court, citing GMAC v. Stoma, 241 So.2d 816 (La.App. 3 Cir. 1970) and Universal CIT Corp. v. Hulett, 151 So.2d 705 (La.App. 3 Cir. 1963), held that where the lienholder, i. e. Nationwide, had knowledge that the chattel had been removed from Texas to Louisiana, and failed to record its security interest in the chattel in Louisiana, its interest in same would be primed by the attachment of plaintiff, who acquired a privilege from the time of the seizure. Code of Civil Procedure, Article 3511.
In Universal CIT Corp. v. Hulett, supra, at page 707, we said:
“Thus, even though conditional sales and unrecorded chattel mortgages are not recognized in Louisiana, through comity the Louisiana courts will nevertheless enforce such transactions when validly con-fected in another state, even to the prejudice of innocent third persons who have dealt with the property in Louisiana— providing the property has been brought *943 into Louisiana without the creditor’s consent. If the chattel which was the object of the foreign conditional sale or chattel mortgage is brought into Louisiana with the consent or to the knowledge of the creditor, however, the Louisiana courts will then apply the Louisiana law and policy protecting third persons who deal with the property in Louisiana (instead of enforcing the conflicting foreign-law rights of the creditor), on the theory that the creditor consented to or intended the application of Louisiana law to dealings with the movable brought to Louisiana with his consent or to his knowledge.” (Citations omitted)
By its own admission, Nationwide knew that the mobile home was in Louisiana for some fifteen months prior to its attachment, thus giving its implied consent for the mobile home to be in Louisiana. Therefore, plaintiff acquired a privilege superior to that of intervenor, Nationwide, when he effected seizure of the mobile home pursuant to a writ of attachment on February 1, 1977.
The judgment of the trial court is affirmed. All costs of this appeal are assessed against Leonard Anderson and Nationwide Financial Corporation.
AFFIRMED.